Our next case is 22-1889, Actelion Pharmaceuticals Ltd v. Mylan Pharmaceuticals. Counselor, we're linear. Is that correct? Yes, sir. All right. You've got three minutes to vote on. Is that right? Yes, that's correct. Okay. You're ready when you are. Thank you Judge Reina, and may it please the Court. This case is about the construction of the phrase a pH of 13 or higher in the context of the 802 and the 227 patents. It is not about the meaning of the number 13 in the abstract. The claim range here sets a precise floor at 13 that does not encompass lower values that might round up to 13. And each piece of the intrinsic record supports this. The claim text? I'm going to interrupt you for a minute. I mean, you emphasized a pH of 13 versus the number 13. Could you elaborate on that? Why do you think pH would have a different meaning? A pH of 13 would be different than 13 when it comes to the issue here, which is what are the significant digits, right? Well, it's because we're dealing, we're talking about the number 13. That's just an abstract number. When we're talking about pH of 13, it's specifically a pH of 13 or higher. And I want to stress that point, that we're talking about the entirety of the claim term as a range. That's the context of what we're dealing with here in the patent. And that's what the skilled artisan is going to be reading in terms of figuring out the claim construction. So in terms of pH, yes, pH is sensitive. And if you actually go into the specification, you see that the inventor measured pH down to the tenth, if not to the hundredth, of the unit. And that was particularly important for the purposes of this invention, given the invariances that you could see with pH. pH was the key factor for this invention. So when you look at 13 and you say, oh, there's two significant digits that might round, that's, I think, the most important fact there is that that runs afoul of this court's decision in AstraZeneca, which says we don't look at numbers in the abstract to determine their meaning. And then it's just running afoul of basic principles of claim construction, where you're supposed to read it in the context of the intrinsic record. I thought maybe you were going to talk about the emphasis on pH. There are some textbooks in the appendix that I believe were cited before us, were cited before the district court below, that say things like, how do you determine the number of significant digits in a pH? You count only the digits to the right of the decimal point. And that's like at page A339. What do you think, what do we do with that in terms of, it doesn't seem that the district court really talked about it, but what do we do with that kind of disclosure when we think about how a person of ordinary skill in the art would understand the plain language, a pH of 13? Well, I guess I have two responses to that, Judge Stoll. Well, the first is that the textbooks are extrinsic evidence. And I think that the first place that the court needs to be looking under Phillips is to the intrinsic record. And when you look at the intrinsic record, I do not think there is anything here that would support reading and rounding into this term. And if I may, I'd like to start with the claim text, because I think there is. Can I just ask you, before we move on to significant digits in a pH term, is there anything in the intrinsic evidence that tells us how to figure out how many significant digits or significant figures there are in a pH term? Or do we have to get to the extrinsic evidence, if that's our question? Well, I think what the court's decision in AstraZeneca helps out here, and it says, look at the specification to determine the precision with which the inventor measured the variable. And as I mentioned at the top, that if you look at the examples in the specification, you see that the inventor did measure pH down to the 10th and even the 100th of the unit. And it simply wouldn't make sense to round away that level of precision by saying, oh, well, 13. There's only two significant digits there. And that's probably more important than what my question is, but I still would like some help with my question. The extrinsic evidence seems to clearly say for a pH value, the only significant figures are those to the right of the decimal point. All the extrinsic evidence you gave us seems to say that. Do you disagree with that being what the extrinsic evidence you gave us tells us? Well, we didn't give you extrinsic, but I do believe that is a correct representation. So does it follow that a pH of 13 with no decimal point and no figures to the right of the decimal point, that a pH of 13 has zero significant figures? I don't necessarily think that's the case, Your Honor. To have zero significant digits, I think there is still something to the 13, but it has to be read in the context of the claim language and the intrinsic record. So it seems that the district court expressly said that there are two significant figures in the claim term pH of 13. Correct. And it seems like both parties told the district court that as well. Is that right? I don't believe we focused on the significant digits as much as we focused on the claim language. And I apologize here if this isn't quite getting at it, but I think the main focus here is that this is stated as a range. It's not just a pH of 13. It's a pH of 13 or higher. Let me ask this and then I'll stop interrupting you. I'm here to answer your questions, Judge. If we have to determine how a person of ordinary skill in the art would understand the claim term pH of 13, do we have to know how many significant figures a person of ordinary skill in the art would read into pH of 13? You don't, Your Honor. And the reason why is because it is a pH of 13 or higher. And this court has consistently read ranges like this to even when they use integers, that sets a hard boundary at the whole number. So in the context of this claim term, the number to the left of the decimal, the whole number needs to be 13 or it needs to be 14, which is the end of the pH scale. That was the upshot of this court's decisions in Takeda, in Generic, and in Cobalt Boats. And that makes sense when you think about it, because the main reason that we look for significant digits when we're measuring something in the chemical arts is we're making up for variances in the instruments or the lack of precision that an instrument might have. One thing I was going to say is that you're fighting these questions, and I don't quite understand it because when I look at your position, for example, in your reply brief, you say that pH meters read to two decimal places, 13.00, and you emphasize that with the .00 that any rounding that should occur would be at the, what is it, one hundredths position? Right. Right? I guess you're rounding away at a thousand. Yes, but I guess I don't understand why you're fighting the idea that a person with an ordinary skill in the art would only look at significant digits to the right of the decimal point, given your position. So I think that would be an alternative position of ours, and I think the reason I said that, if I may, is that our frontline position is that there's not a variance to be read into the 13 at all. I think when we start looking at the significant digit, that does raise the question of, well, what is the variance going to be? And if that's where we're going to go, Your Honor, then yes, I say there's two significant digits here. It's 13.00. That's what you were able to measure it to based upon this intrinsic record, and that also lines up with the extrinsic evidence. What if it's 13 with no significant digits? Then I think... There is nothing to the right of the decimal. I mean, that could be what it is, too. I'm not saying, you know, I'm just throwing that out there. Sure, and actually, now that I understand it a little bit better, I think I actually do agree with that point, because that really lines up with what is our main argument, which is that the 13 sets the barrier at the whole number. So 13.1 is fine. 13.2 is fine. 13.5 is fine. But that number on the left side has to be the 13. Is that what it would mean to say there are no significant figures in, quote, PH of 13? I believe... I guess it could be, Your Honor. I confess that I... We don't have anything in the record on that, do we? We don't, and I don't have a position on it, Your Honor, because our position is that we're reading the range, we're reading the totality of the claim term, and it sets that hard barrier at the whole number, which is what happened at Decatur. It's what happened in generic and in cobalt both. So in AstraZeneca, I think you referenced that case earlier. Yes. There was a definite, you know, if there was rounding that had occurred, there was something in the specification that said there'd be a difference in stability within the range. There was, you know, so if you had the rounding, the bottom of the range would be almost excluded from the specification because the specification said that that bottom of the range at the rounding was less stable. There isn't anything like that in this case, is there? Well, I think I... So to directly answer your question, no. There is no testing on values between 12.5 and 12.9, which is the value that my friend is trying to capture with his claim interpretation. It's at 12.0 and 13.0, and the patent makes the point that the testing that the samples at 12.0 performed had far less stability than the samples at 13.0. Does it actually say far less stability? Far less stability might be my gloss on it, but it did say that it performed worse, and that is at, I believe it is at appendix page 33. I know where it is. I can see it. I see where it says most preferably 13. But I don't... So, yes. So this is column 14. It's on appendix page 37, and I'm citing to the 802 patent here. Either the triosol or mannitol formulations with arginine at lower pH conditions. What lines are you at? My apologies. I am looking at lines. The sentence I'm quoting starts at line 31, and it goes down to line 33, and it says that either the triolose, I apologize if I'm mispronouncing that, or mannitol formulations with arginine at lower pH conditions, this is speaking less than 13.0, are less stable at 40 degrees compared to the pH 13 formulations. And, you know, I understand there that it is using the whole number, but it's important to point out that we're dealing with example four here, and that example is prefaced with the following sentence. I hope it's easier here in my outline. The pH of the bulk solution for lyophilization is adjusted between 10.5 and 13.0, and that tells the skilled artisan that we are looking at these samples. We're measuring down to the tenth of the unit. We're capping it off at 13.0. Your friends on the other side contend that your position is that every number in the patents here that is not preceded by terms of approximation, like about or around or approximately, is a precise number with no rounding. Is that your position? I think that is the strong suggestion when you have an instance like this where some limitations have that language and other limitations do not. I'm not saying that is a per se rule, but it makes sense that when you use a word in some limitations and you don't use it in others, those without it lack that limitation or lack that qualification. If the contention is you are asking us to essentially read the word exactly or precisely into the claim language where it says a pH of 13, that you're essentially inviting us to read in the word exactly to 13, you would say, yes, that is essentially our position. I'm going to disagree with a little bit with reading in exactly, and instead I would rather phrase that, Your Honor, as we're not going to read in about or approximately because those words are used explicitly elsewhere in the claim limitations. Is it your position that there can never be rounding unless the word about is included before the numerical number in a claim? No, Judge Still, that is not our position. But our position is that when you use words of approximation for some limitations and not others, that distinction has to mean something, and the Court really made that point in generic. What about, you know, what if it meant the rounding, like here, 12.5 to 13.4, and a little more, when you say if you had about in front of it? Well, I think, and I apologize, I do see I'm starting to run into my rebuttal time, but I do want to quickly answer this question. I think that really does back into AstraZeneca, where we don't presume that the number itself rounds, and instead we have to find the evidence in the intrinsic record that rounding was intended, and I submit to you that on this intrinsic record there is no such evidence. Well, what about where the Court refers to the specification of lesser preferable embodiments at about 12.5 and 13.5, and there's other references also to those numbers? So, two responses to that, Your Honor. In most instances, they are referring back to ranges, which I think comes back to my point about how we read the ranges using the integers, and then I think the other important point is to recognize that this specification was written when Actillion was seeking a much broader claim pH limitation than what they actually got. The examiner conclusively rejected that broader claim limitation and only allowed these patents under a showing of unexpected results using data at 13.0, and she specifically forced Actillion to trim back their pH limitation to match that data. So, what are you saying? This is language that was supposed to be cleaned up, but wasn't? That could very well be the case, yes, and, in fact, we saw that in AstraZeneca. The Court noted that where you have a patent that goes through various iterations at the examiner's office, the limitation is forced to be pared back and just the inventor did not clean up the specification to eliminate those references to embodiments that were denied. So, if the Court doesn't have any other questions, I will reserve the remainder of my time. You don't have any time left. Oh, dear. Thank you, Your Honor. All right. Counselor Knorr. Yes. Thank you, Your Honor. May it please the Court. The District Court faithfully followed AstraZeneca. It properly started with the plain language and then looked to other intrinsic evidence to determine whether that ordinary meaning applied, and Phillips teaches that courts can consider sources in any sequence, and that would include starting with scientific conventions that a person would understand without explication in the patent. Indeed, Phillips itself began with the generic meaning of the claim term  So, the District Court did not presume that the ordinary meaning of pH of 13 was controlling absent disproof, lexicography, or disclaimer, as Milan suggests. If I'm given some of the textbooks that we were talking about earlier in the record and say that when you're looking at a pH and you're thinking about significant digits, you should only look at the numerals to the right of the decimal point. Yes, I saw that. Does that inform this ordinary meaning that you're talking about? I think it does, Your Honor. I would note that that was not a disputed issue. It wasn't contested on appeal that there was any error in the District Court's interpretation of significant figures. But on Appendix 479, it does talk about how that is handled. In the middle of page 479, it says, and this is talking about generally if you have 3.945 times 10 to the third, you take the log of the answer, you get 10.9.596, and the order of the magnitude is 10. So, that's where the pH is basically an order of magnitude, and the whole number increments because it's the negative log. But I think the key part is in terms of what did the inventor understand by saying a pH of 13? He did not say 13.0, which is a figure that would have 10 times the greater precision, and certainly didn't say exactly 13, which is not scientifically possible in the context of pH because you're talking about measurement of billions of ions in a liter of water, of hydrogen ions, and determining their concentration. So, they haven't offered an ordinary construction. But I think they're... But let's say 13. That's a pretty exact statement. That's right. But it has, I think, an ordinary meaning of including the rounding principles based on the choice of significant figures, and that's what's exact, it's a choice of two significant figures. Yeah. So, if it's based on the choice of significant figures, aren't we stuck with having to figure out how many significant figures are in, quote, pH of 13? Well, I think the pH scale, once it's converted into the logarithm, I think you can treat it as an ordinary number, and then round as opposed to 13.0 or 13.00. Well, I guess I'm confused because you put this extrinsic evidence in the record, and I certainly agree that often claim construction can be done without the extrinsic evidence. But here you put the extrinsic evidence in, and it seems to, but help me if I'm wrong, it seems to indisputably say that the only figures that are significant for pH are those to the right of the decimal, and there are none to the right of the decimal in your claim, right? That is true. So, it follows, it seems to me, if we look at the extrinsic evidence, there are zero significant figures. Is that right as well? Well, I think in terms of when you have a particular calculation, you would treat it as the significant figures being from the ones to the right of the decimal place. But when you're talking about an invention that's described simply based on the pH scale, the question is if you had measurements that were to the right or to the left of that because you're never going to get exactly 13. And I think if you look at what the specification teaches, it does identify the most preferred embodiment has a pH of 13, which is a whole number and would have the ordinary meaning of a whole number. It then identifies the preferred range as being 12.5 to 13.5. And so Mylan's construction would improperly exclude a large part of the preferred embodiment. And the inventor uses whole numbers throughout the specifications to describe the pH values of the invention. How do we know that a person's skill in the art would round the whole number of 13 when it's a pH of 13? I don't mean 13 generally. I mean pH of 13. On what basis do we know that there would be rounding as a person of skill in the art would read that? Well, I think that one can infer that from the fact that you can't have exactly 13. That's not a determinant. Well, first of all, is there any evidence to support that statement? It makes total sense to me that when you're dealing with small particles in the billions, you can't get an exact number. But I didn't see any evidence of that in our record. Is there? Well, I think that's just a basic mathematical principle that an exact number is a countable number, a defined number. They're presumed to have infinite significant figures. So you really can't treat this as an exact number. And it did not use 13.0. He always used whole numbers, and that's true in the prosecution history. And the prior art was clear that for lyophilized compositions, the highest value of the prior art was 11.6. And the examiner said in the prosecution history that Watts did not teach lyophilized compositions beyond 12 or higher. And so I think that what was understood was that if it's treated as a whole number 13, you would do ordinary 13 whole number rounding. And that's true, even though I do acknowledge, Your Honor, the extrinsic evidence does say when you're actually converting the calculation pH, you treat the numbers to the right of the decimal place. I have a question for you. I don't see, like Judge Stark, I don't know what to do with this. Because it is in the record. It was presented to the district court. It was part of the considerations. But I don't see where the district court analyzed it, grappled it, or even took it into consideration when reaching her claim construction. I think that's true, Your Honor. Your Honor, I think both parties treated the number 13 as having two significant figures. So that particular part of the extrinsic evidence was not discussed by the district court. But it was introduced to the district court. It was introduced to the district court. That's correct. As part of the claim construction. Yes. Should the district court have considered it? I think the district court was certainly entitled to consider all the extrinsic evidence. But I think the district court's general approach, in terms of what the specification of prosecution history would teach, because it is critical that the inventor did use whole number values, even when the recorded measurements were sometimes in two, three, or four, or significant figures with two decimal places. Do you agree that a person of ordinary skill in the art would understand that the significant digits for a pH value are to the right of the decimal point? Yes, I would. Okay. And do you know if we were to say there are zero significant figures in the term pH of 13, what would that mean for rounding? I think you would say there is zero if you're talking about taking the actual measurement. But when you're talking about how many, once you're on the pH scale, there would be two significant figures. If it's possible to have zero significant figures in a number, which it seems logically it is from this extrinsic evidence, I just don't know what that means in terms of is there rounding, is there not rounding, and if there's rounding, what range would we round to? If we were to hold pH of 13 has zero significant figures, does that have any implication for rounding? Well, Your Honor, I think that number would be the order of magnitude. And therefore, as I pointed out, the order of magnitude is not trying to identify a point value. So you're trying to identify a range of values that are in that order of magnitude. And that's why I think the proper approach would be to treat the pH scale as whole numbers subject to rounding. Your Honor, I think the AstraZeneca is a very different decision from this case, because in AstraZeneca there was specific evidence in the intrinsic evidence that would say that the ordinary convention, scientific conventions, would not apply, and that the inventor intended a narrower meaning that excluded values within the rounding range. And those were essentially four points. One, that there was evidence that stability was altered in the fourth decimal place. Not true here. Secondly, one of the values, 0.005%, was actually found to be among the least stable solutions. Third, the inventor particularly disparaged 0.005% as inferior to the claim term 0.001%. So also abandoned claims or amended claims to eliminate 0.005%. So there's no evidence here that would exclude the ordinary meaning of 13. And because it is a whole number, and the examiner understood that, the applicant only talked about amendments and allowability in terms of 13, and the showing was that there was unexpected results versus a pH of 12 or lower. So he never surrendered any values that would round up to 13. There are various places where the patentee says about or approximately. Your argument seems to be that we should read the word about or approximately or around into the claim term, which clearly does not expressly include those words. Why should we do that? Isn't there a strong implication that the patentee knew how to say that and would have said it if he or she wanted to? No, Your Honor. Language of approximation like about serves a very different function. It allows contextual variation from an identified value, and it does so based on the nature of the technology, the patent, and the knowledge of one's skill in the art. Rounding conventions are to determine what the expressed value means and what it encompasses, not variation from it. So all of those numbers are, to a certain number of significant figures, that number. So it's 13 at two significant figures. So they're very different, and I think this Court has also, in a number of cases, Vizquezi, U.S. Phillips, Adams Respiratory, has recognized that if the claim term says one, it doesn't mean 1.0, and one could encompass, for example, 1.1. So rounding is part of the meaning of the term, and it's different from about. So in the blue brief, for example, at page five, the appellant says, the district court's approach, which you're advocating, of course, would threaten to transform any integer in any patent into a broad range of values, even without words of approximation. And to that you say, yes, that's exactly our position. No, Your Honor. I'm saying that that is generally the ordinary meaning of a number that is a measured value would include the scientific convention depending on the number of significant figures. I think the implication of your position is the only way out of that is for the patentee to say we mean exactly or precisely the following integer. No, Your Honor. I think you would look to the context. For example, in the Vizquezi case, where it was below about 0.91 grams per cubic centimeter, the Court said ordinarily the scientific convention would apply, but the prior art drew the line at 0.910. Those were not considered very low-density copolymers. They were just low-density copolymers. So there you didn't apply the convention. So you have to look at the usage in the patent to determine if it applies. But if you take their position, which is essentially if you use about anywhere, you can't have any rounding. Everything has to be an exact measured value, even where it's scientifically impossible, as in the case of pH. So what would a lexiographer do if he wanted the pH value to be 13 and nothing else and wants to prevent rounding up or consideration of significant figures or something that – what is it in your view that could have been done if that's what the lexiographer wanted to do? Well, certainly they could make an indication that this is not to be a rounded value. They could also, you know, use a more precise term like 13.0 or 13.0. That would have to be in – 00, that would have to be in the claims. They could do those type of things, but generally that's the ordinary meaning. And so – Would they have to disclaim the application of rounding up or consideration of the significant figure regime? No, I think you'd look to the overall context. You'd look to where – to what the prior art disclosed, for example. And that's the difference between Vescazzi and this case. Here the prior art stopped at 11.6 for lyophilized compositions. And so there was no question of going to the prior art. So I think generally the ordinary meaning would be the rounding convention. You can have lexicography. You could have disclaimer. In all cases or in cases just like this one involving pH values or – Well, I think – I have fear, and I think just sort of referred to this, but I have a fear that this creeps – your argument creeps into all our patent cases to a certain degree any time that some sort of value is expressed. Well, Your Honor, I think, again, you would look at context. I think the court only has to decide the context of what does a measured value of pH mean. When you're talking about tens of billions, I think that was at issue in AstraZeneca where the court recognized, at least in the abstract, when you're talking about measurement of very tiny particles, you know, the ordinary meaning would suggest convention. Counsel, I have a question. I want to ask you – I mean, your argument about claim destruction, everything about, you know, rounding of a number, that rests on the idea that as a matter of a plain meaning, a numerical value includes rounding, right? I mean, that is your argument. You're relying on the plain meaning of the numerical value 13. We rely on the fact that the ordinary meaning is 13 and that that's confirmed by the specifications use of, for example, in the – Your starting point is the plain meaning. My starting point is the plain meaning, but it's also – And how a person born in New York City with only art would understand the word 13. Yes. So that would apply in other cases where numerals are used, right? That's right. And I think, you know, it may be a fair point. The court may want to instruct, you know, the patent office to make a real determination about what is the – are there significant figures here? What is actually the inventor entitled to? But I think that is what occurred here, that the examiner understood that the preferred embodiment was 12.5 to 13.5, would have understood that the term 13 would incorporate. I understand what you're saying. My concern is, I think you already know, is that I think it's not just 13. It's a pH of 13. And I have a concern that maybe where you start with the plain – with the ordinary meaning is a little bit different when the pH of 13 as opposed to the number 13. Right. Yes, I understand. Just one more. If we were to agree with the district court that pH of 13 is two significant figures, what does that mean for rounding? What does a pH of 13 with two significant figures round to, if anything? Well, it would be round from 12.5 to 13.4. Okay. Thank you. And we think that is the plain meaning. I would point out, for example, that the examiner relied on the stability of the reconstituted solutions. Those were from batches that were only described as adjusted to 13, not 13.0. And so that indicates that to the extent he had more precise values that he measured, he conceived of the invention as a matter of scientific inference as broader and stated his invention in those terms. And that should be the meaning that controls. Thank you. We thank you, Counselor. If no longer you have three minutes, you're better. I just want to start just to see if we have agreement on a factual point. If we were to agree with the district court that pH of 13 is two significant figures, do you agree with your friend on the other side that that would mean we would round from 12.5 to 13.4? I do not agree with that because if we're talking about two significant digits on the right side of the decimal place, we are talking 13.00, and your rounding principle there would be down to 12.995, which is a point that we make in our reply brief. Well, you make it in terms of 13.00, but do you ever say the district court erred in saying that it's two significant figures in pH of 13? I don't think we said it in quite those terms, but I think where we disagreed with the district court is that 13, insofar as there's rounding to be read into 13 at all, that it would be 12.5 to 13.4. We absolutely disagree with that point. Right, but you never said, hey, district court, the only significant figures in pH of 13 would be to the right of the decimal point, and all the rounding would be to the right of the decimal point. You just let the district court say pH of 13, that phrase in full is two significant figures, and you don't even point out on appeal that that was an error. So that's not really before us, is it? Again, I'm trying to be careful in answering your question, Judge Start. We did point out to the district court, I believe there was a supplemental brief that came down after this court's decision in AstraZeneca, where we said that if we are going to round this term, our main line of position is no rounding, period. But if there was going to be rounding, it's 13.00, and therefore the lowest value it's going to go down to is 12.995. We were very clear on that point. We included the pictures of the pH meters from the extrinsic record in order to make that point. And that points in your reply brief as well? That is in our reply brief to this court as well. And, Your Honor, with my remaining time, one point I really want to hit on is that my friend acknowledged that at the core of his argument is the suggestion that the ordinary meaning of the number 13 includes rounding, just as an abstract principle. And I think that's exactly what this court rejected in AstraZeneca at 19F4, pages 1329 to 1330. It said that we do not read rounding in as an abstract matter, and instead we look at the record to determine what the number means in the context of the full claim term and in the context of the specification. And that dovetails into my second point. The claim term that we're dealing with here isn't just a pH of 13. It is a pH of 13 or higher. So if you vary that down, if we vary that down to 12.5, as my friend is asking to do, you're really vitiating that term. You're vitiating the fact that it is a range that sets the hard point at 13. It tells you that if there's going to be any variance, it's going to be upward, which I also think takes care of his point of the issues with measuring 13 with exactness. And then it also vitiates the fact that this claim term did not use about or approximately or plus or minus, despite the fact that such terms appear throughout the patent. With that, I see my time has expired. So unless the court has any additional questions, we ask you to reverse and remand. We thank the parties for their arguments. This case is taken under advisement.